The Honorable Bill Graves Secretary of State 2nd Floor, State Capitol Topeka, Kansas 66612
Dear Secretary Graves:
You request our opinion regarding the duty of the secretary of state to issue a certificate of incorporation to a board of directors of a watershed district when the secretary of state is aware of irregularities occurring in the election to establish the watershed district.
From the information provided, it appears that a valid petition requesting the establishment in Atchison, Jefferson, and Leavenworth counties of the Dota-Rey Watershed Joint District No. 107 was circulated and a sufficient number of signatures of landowners was collected. The members of the district met on April 3, 1992, calling for a special election to be conducted on April 27, 28, and 29, 1992. However, an order restraining the holding of the election in Atchison county was issued April 24, 1992. On April 26, 1992, a "cancellation of election" notice was published in an Atchison county newspaper. It appears that the county election officers for Jefferson and Leavenworth counties unsuccessfully attempted to stop the election in their respective counties. On May 8, 1992, the board of directors of the watershed district certified to the secretary of state the results of the election as follows:
 "THE BOARD OF DIRECTORS OF THE DOTA-REY WATERSHED VERIFY THAT THE MAJORITY VOTED IN FAVOR OF THE CREATION OF THE DOTA-REY WATERSHED JOINT DISTRICT NO. 107 FOR ATCHISON, JEFFERSON AND LEAVENWORTH COUNTIES OF KANSAS. ON THE 27th DAY OF APRIL 1992 LEAVENWORTH COUNTY VOTED 1 NO AND 16 YES. ON THE 28th DAY OF APRIL 1992 JEFFERSON COUNTY VOTED 0 NO AND 5 YES. ON THE 29th DAY OF APRIL 1992 ATCHISON COUNTY VOTED 0 NO AND 0 YES." Correspondence to Secretary of State Bill Graves, May 8, 1992.
On May 21, 1992, an injunction was issued in Jefferson county, precluding the secretary of state from issuing a certificate of incorporation. The injunction was recently dissolved. On or about June 8, 1993, the secretary of state received a second certification of the election results.
 "On April 29, 1992 subsequent of said election and count returns from such election were made to the Board of Directors. The Board met at the Leavenworth County Court House at 8:30 A.M. on May 8, 1992. The second Friday after election and canvassed the vote as required by K.S.A. 24-1207. [Sic.]
"Leavenworth County: Yes 11 No 0
"Jefferson County: Yes 2 No 0
"Atchison County: Yes 2 No 0
 "The Directors further determined that a majority of those voting on the proposition voted in favor of the organization and creation of the District upon the amended petition. The results of the canvass of votes shown on the abstracts of votes cast attached hereto as Exhibit G and by reference made a part thereof. [Sic.]" Correspondence to Secretary of State Bill Graves.
The procedure for formation of a watershed district is set forth in K.S.A. 24-1201 et seq. K.S.A. 24-1207 states in part:
 "Returns from such election shall be made to the board of directors who shall canvass the votes cast at such election on the second Friday following the date of said election, and said board shall immediately certify the results of said election to the secretary of state. If a majority of those voting on the proposition voted in favor of the organization and creation of the district upon the petition or amended petition, the secretary of state shall thereupon issue to the board of directors a certificate of incorporation for said district, which shall be filed of record in the office of the register of deeds of each county in which all or a portion of the district lies. Upon such recordation of the certificate of incorporation the district shall be authorized to function in accordance with the provision of this act and the certificate of incorporation. If a majority of those voting on the proposition voted against the organization and creation of the district, the secretary of state shall endorse that fact on the face of the petition and the proceedings shall be closed. No action attacking the legal incorporation of any watershed district organized under this section shall be maintained unless filed within ninety (90) days after the issuance of the certificate of incorporation for such district by the secretary of state, nor shall the alleged illegality of the incorporation of any such watershed district be interposed as a defense to any action brought after such time." (Emphasis added.)
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindale v. Tenny, 250 Kan. 621, 629
(1992). The question as to whether language in a statute is mandatory or directory is to be determined on a case-by-case basis, and the criterion as to whether such a requirement is mandatory or directory is whether such requirement is essential to preserve the rights of the parties.Griffin v. Rogers, 232 Kan. 168, 174 (1982). An act is ministerial if it is one which a public officer or agent is required to perform based upon a given set of facts, in a prescribed manner, in obedience to the mandate of legal authority and without regard to his own judgment or opinion about the propriety of the act to be performed. State ex rel. Stephanv. Kansas Racing Commission, 246 Kan. 708, 717 (1990).
The functions to be performed by the secretary of state pursuant to K.S.A. 24-1207 include receiving the results of the election as certified by the board of directors of the watershed district and, based on that certification, determining whether a majority of the voters voting in the election voted in favor of the proposition. If a majority of the voters has voted against the proposition, the secretary of state is required to make the appropriate endorsement on the petition. If a majority voted in favor of the proposition, the secretary of state is directed to issue a certificate of incorporation. Only after issuance of the certificate of incorporation may the legality of the incorporation be challenged. The provisions of K.S.A. 24-1207 regarding the duties of the secretary of state are mandatory rather than directory. The secretary of state performs a ministerial function when issuing a certificate of incorporation. The secretary of state does not possess the authority to determine whether the procedure set forth in K.S.A. 24-1201 et seq, for establishing a watershed district was properly followed. Therefore, once the secretary of state has received certification from the board of directors of a watershed district showing that a majority of persons voting on the proposition regarding the establishment of a watershed district voted in favor of such proposition, the secretary of state must issue a certificate of incorporation to the board of directors. Interested parties may then take legal action attacking the validity of the incorporation within the 90 days following issuance of the certificate of incorporation.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS: